**Sulaiman Law Group, Ltd.**
Alexander J. Taylor (Cal. Bar No. 332334)
2500 S. Highland Ave.,
Suite 200
Lombard, IL 60148
Phone: (630) 575-8181
ataylor@sulaimanlaw.com

*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEEDRA JOHNSON, individually and on behalf of a class of similarly situated consumers,<br><br>Plaintiff,<br><br>V.<br><br>COLLECTION BUREAU OF THE HUDSON VALLEY, INC.,<br><br>Defendant. | Case No. '21CV0924 AJB MSB<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 *ET SEQ*.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 *ET SEQ*.**<br><br>**JURY TRIAL DEMANDED** |

NOW COMES Plaintiff, by and through her counsel, and submits the following claims against Defendant:

## I. Jurisdiction, Parties and Venue

1. This action arises under and is brought pursuant to Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act (the "RFDCPA"), Cal. Civ. Code § 1788 *et seq*.

2. Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors" and "to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

1

3. Subject matter jurisdiction is conferred upon this Court by Section 1692k(d) of the FDCPA as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

4. This Court has supplemental jurisdiction over Plaintiff's RFDCPA claim pursuant to 28 U.S.C. § 1367.

5. Plaintiff is a citizen of the State of California and resides in or around San Diego, California.

6. Defendant COLLECTION BUREAU OF THE HUDSON VALLEY, INC. ("CBHV"), is a New York based debt collector and otherwise licensed to collect debts within the State of California.

7. CBHV can be served at is headquarters at 155 North Plan Road, Newburgh, New York.

8. CBHV's principal purpose is the collection of past-due and defaulted debts owed by natural persons to others where the debts were incurred primarily for personal, family or household purposes. CBHV uses the mails, telephone, the internet and other instruments of interstate commerce to collect consumer debts.

9. For example, CBHV sent a letter to Plaintiff dated May 14, 2020, in which Defendant claims that Plaintiff allegedly incurred and owed a certain financial obligation to "Midnight Velvet", the so-called "Creditor", originating from one or more transaction which were primarily for the Plaintiff's personal use. (hereafter the "Subject Debt").

10. Venue is proper pursuant to 28 U.S.C. §1391 because Defendant conducts substantial debt collection business in this judicial district.

## II. Summary of the FDCPA

11. Section 1692 of the FDCPA contains "Congressional findings" and a "declaration of purpose" and states as follows:

> **(a) Abusive practices**
>
> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> **(b) Inadequacy of laws**
>
> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.
>
> **(c) Available non-abusive collection methods**
>
> Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.
>
> **(d) Interstate commerce**
>
> Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.
>
> **(e) Purposes**
>
> It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

*See*, 15 U.S.C. § 1692.

12. One purpose of the FDCPA was to address "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a).

13. In enacting the FDCPA, Congress determined that "[a]busive debt collection practices contribute to" societal harms, including increasing "the number of personal bankruptcies," "marital instability," "the loss of jobs," and "invasions of individual privacy." 15 U.S.C. § 1692(a).

3

14. Congress determined that "[e]xisting laws … are inadequate to protect consumers" and that "[m]eans other misrepresentation or other abusive debt collection practices are available for the effective collection of debts." 15 U.S.C. §§ 1692(b)-(c).

15. The FDCPA provides that "[m]eans other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts." 15 U.S.C. § 1692(c).

16. Congress enacted the FDCPA to protect ethical debt collectors from being competitively disadvantaged by debt collectors who do not abide by the prohibitions set forth by the FDCPA. 15 U.S.C. § 1692(e).

17. The FDCPA's statutory findings explicitly identify "invasions of individual privacy" as one of the harms against which the statute is directed. 15 U.S.C. § 1692(a).

18. "[I]nvasions of personal privacy have been regarded as a valid basis for tort suits in American courts." *Hunstein v. Preferred Collection & Mgmt. Servs.*, __ F.3d ___, 2021 U.S. App. LEXIS 11648, *8 (11th Cir. April 21, 2021). (citing *Pavesich v. New England Life Ins. Co.*, 122 Ga. 190, 50 S.E. 68 (1905); *Munden v. Harris*, 153 Mo. App. 652, 134 S.W. 1076 (1911); *Kunz v. Allen*, 102 Kan. 883, 172 P. 532 (1918)).

19. "[T]he existence of a right of privacy is now recognized in the great majority of the American jurisdictions that have considered the question." *Id.* (quoting Restatement (Second) of Torts § 652A cmt. a. (Am. Law Inst. 1977)).

20. "[T]he term 'invasion of privacy' comprises an identifiable family of common-law torts—including, most relevantly here, 'public disclosure of private facts.' Invasion of Privacy, Black's Law Dictionary 952 (10th ed. 2014)." *Id.* at *8-*9.

21. "It is hornbook law that '[o]ne who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter publicized

4

is of a kind that (a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public.' Restatement (Second) of Torts § 652D (1977)." *Id.* at *9.

22.   "[T]he Supreme Court itself has recognized 'the individual interest in avoiding disclosure of personal matters' and has recognized that 'both the common law and the literal understandings of privacy encompass the individual's control of information concerning his or her person.'" *Id.* (quoting *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 763, 109 S. Ct. 1468, 103 L. Ed. 2d 774 (1989) (citation and quotation marks omitted)).

23.   The tort of "invasion of privacy" comprises an identifiable family of common-law torts—including, most relevantly here, "public disclosure of private facts." INVASION OF PRIVACY, BLACK'S LAW DICTIONARY 952 (10th ed. 2014). It is hornbook law that "[o]ne who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that (a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public." RESTATEMENT (SECOND) OF TORTS § 652D (1977). *See also*, 77 C.J.S. RIGHT OF PRIVACY AND PUBLICITY § 32; 62A AM. JUR. 2D PRIVACY § 79.

24.   Section 1692c(b) of the FDCPA, titled "Communication with third parties," states as follows:

> *Except as provided in section 1692b of this title*, <u>without the prior consent of the consumer *given directly to the debt collector*</u>, ... *a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer*, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b) (emphasis supplied).

25.   Section 1692b provides as follows:

5

> Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall—
> (1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;
> (2) not state that such consumer owes any debt;
> (3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;
> (4) not communicate by post card;
> (5) not use any language or symbol on any envelope or in the contents of any communication effected by the mails or telegram that indicates that the debt collector is in the debt collection business or that the communication relates to the collection of a debt; and
> (6) after the debt collector knows the consumer is represented by an attorney with regard to the Subject Debts and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector.

15 U.S.C. § 1692b.

26. Section 1692b relates to the manner in which a debt collector may lawfully communicate "with any person *other than the consumer* for the purpose of acquiring location information." 15 U.S.C. § 1692b (emphasis supplied).

27. As discussed below, the complained of conduct does not relate to Defendant attempting to obtain "location information" related to Plaintiff.

### III. Defendant's Collection Activities

28. The Subject Debt was incurred for personal expenses.

29. Plaintiff is a "consumer" as defined by § 1692a(3) of the FDCPA.

30. Plaintiff intended to pay off the Subject Debt but financial circumstances prevented her from paying off the Subject Debt when the Subject Debt was still owned by the original creditor.

31. CBHV's May 14, 2020 collection letter indicated that Plaintiff owed $1,467.55 to a creditor named Midnight Velvet.

32. CBHV's May 14, 2020 collection letter was an attempt to collect the Subject Debt.

33. CBHV acted as debt collector in attempting to collect Subject Debt on behalf of Midnight Velvet by and through the use of a form/template collection letter.

34. Generally speaking, in using a form/template collection letter, CBHV caused Plaintiff's name, address, the name of the creditor, the amount owed, the so-called "transaction date", account number for the creditor and CBHV's referenced number to be inserted into form/template collection letter.

35. CBHV used a third-party letter vendor to mail the May 14, 2020 collection letter to Plaintiff.

36. CBHV's operating system/software involves sending a debtor/consumer's demographic information, as well as the existence and the amount of the subject debt, to CBHV's third-party letter vendor for the purpose of causing the letter vendor to merge this information into letter templates that CBHV uses to collect consumer debts.

37. Plaintiff did not consent to having CBHV share her personal information or her status as a debtor with CBHV's letter vendor or any third-parties.

38. Eleventh Circuit Court of Appeals has recently held that sharing personal information of a debtor with third-parties violates Section 1692c(b) of the FDCPA. See, *Hunstein v. Preferred Collection and Management Services, Inc.*, __ F.3d __ 2021 U.S. App. LEXIS 11648, 2021 WL 1556069 (11th Cir. April 21, 2021).

**COUNT ONE**

**Class Action based Violations of § 1692c(b) of the FDCPA Resulting From Defendant's Sharing of Plaintiff's Personal Information and her Status as a Debtor**

39. Plaintiff, repeats and re-alleges Paragraphs 1-38 as though fully set forth herein.

40. Section 1692c(b) with certain inapplicable exceptions, prohibits debt collectors from communicating consumers' personal information to third parties "in connection with the collection of any debt."

41. As discussed above and below, Defendant violated Section 1692c(b) when they disclosed Plaintiff's personal contact information and information identifying the Subject Debt to CBHV's Letter Vendor.

42. CBHV's transmittal of Plaintiff's personal information, Plaintiff's purported status as a debtor relative to a debt allegedly owed to Midnight Velvet, and the amount of the Subject Debt to Defendant's letter vendor constitutes a "communication" within the meaning of Section 1692a(2) which defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2).

43. Defendant's use of a third-party letter vendor to merge Plaintiff's demographic data and status as a debtor into Defendant's form collection letters for the purpose of printing and mailing the May 14, 2020 collection letter to Plaintiff violated Section 1692c(b).

44. CBHV's disclosure of Plaintiff's personal information and her status as a purported debtor posed a material risk of harm to the privacy interests protected by the FDCPA.

45. CBHV's disclosures of Plaintiff's personal information and status as a purported debtor to its third-party letter vendor violated Plaintiff's rights privacy that was recognized by Congress when it enacted the FDCPA.

46. CBHV's transmittal of Plaintiff's personal information and information identifying the Subject Debt to its letter vendor was not done in an attempt to comply with Section 1692b.

47. CBHV's disclosure to its Letter Vendor of Plaintiff's personal information and her purported status as a person owing the Subject Debt violated Section 1692c(b)'s prohibition on disclosure of debtor information to third-parties

48. Section 1692c(b) bears a close relationship to a privacy invasion that American courts have long recognized as cognizable.

49. Congress's judgment indicates that violations of Section 1692c(b) constitute a concrete injury.

50. As set forth above, CBHV's disclosures to its third-party letter vendor (of Plaintiff's personal information and status as a purported debtor) caused Plaintiff to suffer from embarrassment, aggravation and emotional distress.

51. Accordingly, Plaintiff has standing to sue CBHV for its improper and unlawful disclosure of Plaintiff's personal information and status as a debtor to third-party letter vendors.

52. The claims asserted in this Count satisfy the elements of FRCP 23(a)(1)-(4) and FRCP 23(b)(3).

53. The proposed Midnight Velvet class encompasses:

(a) all consumers with addresses in the State of California;
(b) who originally owed debts to Midnight Velvet;
(c) where Defendant caused form collection letters to be mailed to be sent for the purposes of attempting to collect to a consumer based debt allegedly owed to Midnight Velvet; and
(d) Defendant used a letter vendor to transmit the letters which resulted in the vendor being sent the demographic information of the consumers as well as their status as alleged debtors.

54. The proposed California class encompasses:

(a) all consumers with addresses in the State of California;
(b) who originally owed debts to a creditor other than Midnight Velvet;
(c) where Defendant caused form collection letters to be mailed to be sent for the purposes of attempting to collect to a consumer based debt allegedly owed to Midnight Velvet; and

(d) Defendant used a letter vendor to transmit the letters which resulted in the vendor being sent the demographic information of the consumers as well as their status as alleged debtors.

55. The above classes are limited to one year prior to the filing of the Complaint until such time as Defendant ceases the offending conduct.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant CBHV as follows:

    a. Declaring that the practices complained of herein are unlawful;

    b. Awarding Plaintiff and class members statutory damages of $1,000.00 as provided under 15 U.S.C. §§ 1692k(a)(2)(A) and 1692k(a)(2)(B);

    c. Awarding Plaintiff actual damages as provided by 15 U.S.C. §1692k(a)(1));

    d. Awarding Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k(a)(3); and

    e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II:
### Individual Based Violations of the Rosenthal Fair Debt Collection Practices Act
### (Cal. Civ. Code § 1788 et seq.)

56. Plaintiff, repeats and re-alleges Paragraphs 1-38 as though fully set forth herein.

57. California Civil Code § 1788.17 provides:

Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

58. As alleged, above, CBHV violated 15 U.S.C. § 1692c(b) of the FDCPA.

59. In violating Section 1692c(b), Defendant violated Cal. Civ. Code § 1788.17.

60. Plaintiff may enforce the provisions of Cal. Civ. Code § 1788.17 pursuant to Cal. Civ. Code § 1788.30.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant CBHV as follows:

    a.  a finding that CBHV violated Cal. Civ. Code § 1788.17;

    b.  an award of any actual damages sustained by Plaintiff as a result of CBHV's violation(s) and awarding such additional damages, as the Court may allow, but not exceeding $1,000.00; and

    c.  awarding Plaintiff costs and reasonable attorney's fees as provided by the RFDCPA.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demand a trial by jury of any and all issues in this action so triable of right.

Dated: 5/14/2021

Respectfully submitted,

Counsel for Plaintiff

/s/ Alexander J. Taylor

Alexander J. Taylor
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Suite 200
Lombard, IL 60148
Phone: (630) 575-8181
ataylor@sulaimanlaw.com